NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| MORGAN COOPER, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 07-CV-4823 (DMC) |
| FLORENCE COOPER and NATALIE COOPER ROSENTHAL, | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendants Florence Cooper ("Cooper") and Natalie Cooper Rosenthal's ("Rosenthal," and collectively, "Defendants") motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss is **granted**.

I.   BACKGROUND[1]

Plaintiff Morgan Cooper ("Plaintiff") is suing his aunt, Cooper, and his cousin, Rosenthal, for fiduciary breaches and torts allegedly committed in connection with the operation of two family real estate businesses and a trust his father established for his benefit.

The Complaint was filed on October 5, 2007. Plaintiff alleges wrongdoing in connection with two real estate sales, by each of two family partnerships; one allegedly occurred on

---

[1] The facts set forth in this Opinion are taken from the undisputed facts set forth in the Parties' FED. R. CIV. P. 56.1 statements in their respective moving papers.

November 30, 2001 and the other on August 5, 2005. Also, Plaintiff alleges that Cooper stole his trust *corpus*. Plaintiff believes that there are sufficient facts pleaded to establish active concealment by Defendants, thereby relieving him of statutory time limitations.

Plaintiff's father, Morton Cooper, and his deceased uncle, Sidney Cooper, operated a clothing business called Cooper Sportswear ("CS"). CS was very successful for many years and its success permitted its owners to acquire real estate and other assets. Two limited partnerships owned property in Newark and one held real estate in Paramus. Plaintiff worked for the family business on a limited basis.

## II.   STANDARD OF REVIEW: FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS

In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In Bell Atl. Corp. v. Twombly, the Supreme Court clarified the FED. R. CIV. P. 12(b)(6) standard. See 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Bell Atl. Corp., 127 S.Ct. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise

2

a right to relief above the speculative level." Bell Atl. Corp., 127 S.Ct. at 1965.

### III.   DISCUSSION

   A.   Plaintiff Failed to State a Claim Upon Which Relief Can Be Granted

Any pleading that seeks a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Furthermore, if allegations of fraud are raised, the allegations must be pleaded with particularity. See FED. R. CIV. P. 9(b). "Although Rule 9(b) falls short of requiring every material detail of the fraud such as date, location, and time, plaintiff must use 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" In Re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 216 (3d Cir. 2002) (quoting In Re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 577 (D.N.J. 2001)). In the current case, the Complaint fails to satisfy both rules. Most of the allegations asserted in the Complaint are well beyond the applicable statute of limitations. Therefore, the Complaint fails to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6).

It was previously a long-standing precedent of the Supreme Court of the United States that a "motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint is true, in drawing all reasonable and factual inferences in favor of the Plaintiff, it would appear . . . that the Plaintiff can prove no set of facts in support of the claim that would warrant relief." Cal. Pub. Employees' Ret. Sys. v. The Chubb Corp., et al., 395 F.3d 126, 143 (3d Cir. 2004). The essence of the FED. R. CIV. P. 12(b)(6) motion "is whether under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Simon v. Cebrack, 53 F.3d 17, 19 (3d Cir. 1995). The Court does not accept as true,

however, "unsupported conclusions and unwarranted inferences." <u>Schuilkill Energy Res., Inc. v. Pa. Power & Light Co.</u>, 113 F.3d 405, 417 (3d Cir. 1997). Accordingly, any "bold assertions" or "legal conclusions" contained in the Complaint are not considered by the Court. <u>See</u> <u>id.</u> (citing <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997)).

Recently, however, the Supreme Court of the United States modified the standard by which FED. R. CIV. P. 12(b)(b) motions are judged. In overturning <u>Conley v. Gibson</u>, 355 U.S. 41 (1957), which held that a district court should not dismiss a complaint at the pleading stage unless it appeared beyond a reasonable doubt that a plaintiff could prove "no set of facts" at trial that would entitle the plaintiff to victory, the Supreme Court, in <u>Bell Atl. v. Twombly</u>, stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

127 S. Ct. 1955, 1964-65 (2007) (citations omitted). According to the Court, "[b]ecause the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." <u>Bell Atl.</u>, 127 S. Ct. at 1974.

Inasmuch as the Complaint contains nothing other than "unsupported conclusions," "unwarranted inferences," "bald assertions" and "legal conclusions," no special deference is to be given to the Complaint. Here, the Complaint presents no plausible facts supporting any recognizable legal theory of recovery. Therefore, the Complaint should be dismissed.

4

In deciding a FED. R. CIV. P. 12(b)(6) motion, the Court is not limited to the Complaint, but rather, it may consider briefs and oral argument to "clarify allegations in [the] complaint where the meaning is unclear." Pegram v. Herdrich, 530 U.S. 211, 230 n.10 (2000). The Court does not "inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Nemi v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Here, Plaintiff cannot present any evidence that would "clarify" the specious allegations set-forth in the Complaint or establish a cognizable cause of action because the claims are speculative and beyond the statute of limitations.

B.     <u>Plaintiff's Claims are Barred by the Statute of Limitations</u>

Plaintiff's claims are governed by New Jersey State Law, which applies a six-year statute of limitations to the common law claims asserted in the Complaint, N.J.S.A. 2A:14-1, and a five-year statute of limitations to the New Jersey Racketeering claim, N.J.S.A. 2A:1-6(g). The statute of limitations begins to run when: (1) the plaintiff has suffered actual injuries; and (2) the plaintiff knows that the injuries resulted from another's fault. See Martinez v. Cooper Hosp./Univ. Med. Ctr., 163 N.J. 485 (2000).

"Statutes of limitation are primarily a shield to protect the defendant from having to defend stale claims." Dunn v. Borough of Mountainside, 301 N.J. Super. 262, 280 (App. Div. 1997). "[T]he principal consideration underlying [a statute of limitations] is one of fairness to the defendant." Lopez v. Swyer, 62 N.J. 267, 274 (1973). To avoid harsh results, however, that otherwise would flow from a pure mechanical application of the statute of limitations, the "discovery rule" prevents the statute of limitations from running when an injured party is

5

reasonably unaware that he has been injured or, although aware of an injury, do not know that the injury is attributable to another's fault. See Caravaggio v. D'Agostini, 166 N.J. 237, 245 (2001). The New Jersey Supreme Court stated:

> The question in a discovery rule case is whether the facts presented would alert a reasonable person, exercising ordinary diligence, that he or she was injured due to the fault of another. The standard is basically an objective one-whether plaintiff "knew or should have known" of sufficient facts to start the statute of limitations running.
> That does not mean that the statute of limitations is tolled until a plaintiff has knowledge of a specific basis for legal liability or a provable cause of action. It does, however, require knowledge not only of the injury but also that another is at fault. Both are critical elements in determining whether the discovery rule applies. For that analysis, it has been held that plaintiffs are to be divided into classes: those who do not know that they have been injured and those who know they have suffered an injury but do not know that it is attributable to the fault of another. When a plaintiff's claim falls within the latter class her cause of action does not accrue until she has knowledge of the injury and that such injury is the fault of another.
> In many cases, knowledge of fault is acquired simultaneously with knowledge of injury. Fault is apparent, for example, where the wrong tooth is extracted during surgery, or where a foreign object has been left within the body after an operation. In other cases, however, a plaintiff may be aware of an injury but not aware that the injury is attributable to the fault of another.

Id. at 246 (citations omitted). By Plaintiff's own admission, he was aware of events in the 1980s and 1990s that should have caused a reasonable person exercising ordinary diligence to know that he had been injured and that Defendants caused the injury. For example, in paragraph 39 of the Complaint, Plaintiff asserts that his trust never received any distributions or tangible returns from 1976 forward. The Complaint is silent regarding which actions he took from 1976 forward to ascertain why he was not receiving any distributions. A reasonable person would have inquired regarding the status of the trust and why he was not receiving any distributions. Similarly, in 1986, he was aware that the trustees – his father and uncle – refused to take any action regarding

6

his request for an investment with trust funds. This certainly should have put him on notice to make a more diligent inquiry regarding the status of the trust and sought an accounting at that time of the trust assets. Furthermore, Plaintiff was put on notice regarding the problems CS was having, which finally culminated in a bankruptcy filing on January 14, 1998. Indeed, Plaintiff worked at CS for several years as President before the bankruptcy. Plaintiff must have been aware that the mortgage on the property owned by the partnership he designated as the "720 Company" was an unsuccessful attempt to infuse capital into CS in order to keep the engine that was pulling the trusts and partnerships in which Plaintiff claims an interest running. Plaintiff ignored CS's bankruptcy, as well as the 2002 summary judgment that the trustee for CS obtained against the Plaintiff for $152,049.65 based on preferential transfers that Plaintiff received from the bankrupt corporation.

The foregoing events establish sufficient harm to satisfy the first prong of the discovery test. See, e.g., Nappe v. Anschelewitz, Barr, Ansell & Bonello, 97 N.J. 37 (1984). Yet, despite the clear signs that Plaintiff may have been harmed, he failed to make reasonable inquiries or investigation into the source of that harm. Courts should not reward litigants who, when put on notice of a potential injury, sit on their rights and fail to act.

Plaintiff's claims that the alleged misdeeds reflected in the Complaint are, at best, disingenuous. In 2005, the Securities and Exchange Commission obtained a $110,000 judgment against him for misrepresentations he made regarding a public offering with which he was involved.

Defendants should not be prejudiced because of Plaintiff's failure to act. One of the critical witnesses, Sidney Cooper, is now deceased. CS is defunct and its records are unavailable. Plaintiff's failure to initiate an investigation as early as 1986, or as late as 1998, and bringing a lawsuit within six years of the latter date, preclude him from doing so now.

    C.    <u>Plaintiff's Failure to Plead All Indispensable Parties Requires Dismissal</u>

FED. R. CIV. P. 12(b)(7) permits dismissal for failure to join all indispensable parties. Here, Plaintiff's failure to join his father, Morton; sister, Michelle; and cousin, Neil Cooper mandate dismissal.

FED. R. CIV. P. 19(a) requires joinder of a party if complete relief cannot be accorded among those already joined in the suit in that party's absence or where a person claims an interest relating to the subject of the action and whose interest may be impaired practically or legally. <u>See, e.g.</u>, <u>Hammond v. Clayton</u>, 83 F.3d 191, 195 (7th Cir. 1996). Here, Plaintiff's father, Morton, in an indispensable party. As co-trustee of Plaintiff's trust, Morton owed a duty to his son to protect his son's interests and rights under the trust. Morton, however, abrogated his fiduciary responsibility to his son. Morton is a required party and Plaintiff's failure to include him as a defendant requires that the Complaint be dismissed. In addition, Plaintiff's failure to name his sister, Michelle, also warrants dismissal. Plaintiff claims that his trust and his sister's trust were improperly utilized by his aunt to collateralize CS's debt and did not invade her own children's trusts to satisfy CS's obligations. He is, therefore, asserting that his cousin was unjustly enriched at his and his sister's expense. Thus, his sister should be a party inasmuch as she has an interest in the outcome of this case. Plaintiff has similarly failed to join many other

8

persons who, according to the Complaint, allegedly participated in wrongful acts. Plaintiff failed to provide any explanation why these individuals were not joined as parties.

**IV.** C<small>ONCLUSION</small>

For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss is **granted**. An appropriate Order accompanies this Opinion.


                                                  Dennis M. Cavanaugh
                                                Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | March 20, 2008 |
| Orig.: | Clerk |
| cc: | All Counsel of Record |
| | Hon. Mark Falk, U.S.M.J. |
| | File |